Good morning, Your Honor. Susan Knight for the United States and Barbara Veller from the United States is sitting at council table. You're saying that the issue of whether there's a compliance with the administrative procedures, the exhaustion, is satisfied. Yes, Your Honor. And first of all, I apologize for the lateness of our notice. I submitted a letter yesterday, and we just arrived at our decision to withdraw or concede those issues just in the last few days, so I apologize for that. But the government does agree in reading defense counsel's brief as well as reviewing the Tenth Circuit case that Leocal does apply retroactively. So therefore, at the time of Mr. Camacho-Lopez's immigration hearing, the judge did erroneously characterize his conviction as an aggravated felony and therefore, under Ninth Circuit precedent, he cannot knowingly and voluntarily waive his rights. And so therefore, he's exhausted from the administrative remedies as well as he was deprived of judicial review. So our argument will focus on the prejudice aspect. So the only issue here is whether he was prejudiced by this determination that it was an aggravated felony. Yes, Your Honor. Now, in that case, was he deportable at all if this wasn't an aggravated felony? No, he was not. Well, then why isn't he prejudiced? If he was deported when he couldn't have been deported legally, what greater prejudice can there be than that? Well, Your Honor, the distinction is that the reason, I mean, the immigration judge has discretion at that time to weigh Mr. Camacho's favorable factors and unfavorable factors. I understand. That's the way we usually get the case. Yes. Usually, they don't tell you that you're eligible for discretionary relief, and therefore, if they told you that, you might have had a good case to stay in the country. Right? Yes. And that's enough to win the case, that you might have had a good case to stay in the country. Here, they couldn't send him out of the country. They sent him out illegally, right? Well, the judge, the immigration judge would have had discretion whether to allow him to remain. How? How could you? I thought you were just telling me he wasn't deportable. I mean, he wasn't he wasn't deportable based on his conviction. However, it's a discretionary standard of whether the immigration judge would have found that he could stay in the country. The immigration judge — Well, the immigration judge would have looked at all of the factors with respect to this and to Mr. Camacho. He would have — Let me ask you. You're brought before the immigration judge. You look like a nice young lady. And he says, did you ever commit an aggravated felony? And you say no. He says, okay, I believe you. You didn't commit an aggravated felony. Now, why shouldn't I deport you? Should we have some discretionary examination of whether you're really a nice young lady? Or is that the end of the case when you say, I'm not — he says, you didn't commit a felony, but maybe I'll just deport you because I feel like it. Well, I think that in that situation, I mean, the burden is on the alien to determine — to put forth factors regarding family ties, criminal record. If you're deportable, right, then you have to show the factors that allow you to stay. If you're not deportable, what do you have to show to stay? If you're — if the conviction is not an aggravated felony, I believe that an alien has to show that they have family ties. They have to give reasons to the immigration judge to allow you to remain in the country. Did the papers that were served upon Camacho Lopez tell him why the government — I guess then the INS was trying to remove or deport him? Yes. Mr. Camacho was served with a notice to appear and that he was deportable because he was convicted of two counts of gross vehicular manslaughter. You said it was an aggravated felony that he was being deported. It was. No, no. I mean, the papers that Judge Hawkins asked you about. Yes. That you were being deported for having committed an aggravated felony. That's correct, that it was an aggravated felony and, hence, a crime of violence and, therefore, a deportable offense. The government's position is that — assume hypothetically that this immigration judge says, you know, I don't think this is an aggravated felony, in terms of the lawyer from oil or the government or wherever, and says, you know, I just — you haven't convinced me it's an aggravated felony, that then there's a second phase of the removal hearing where the judge can decide whether to deport this person for some other reason? I mean, I think the government would put forth the defendants what is in the record. What are facts known in existence at that time with respect to this individual? And at that time — What's the basis for deportation? The basis for deportation for Mr. Camacho was the gross vehicular manslaughter. Is that under the statute? Is that a ground for deportation? Well, we — I thought you said it's not a ground. It is not, because, well, at the time — It's not a ground for deportation. How — I don't — I'm having great trouble understanding what there is to do once the immigration judge finds that there's no basis for deportation, why you have to then weigh factors about whether he's a nice fellow or not. I mean, in looking at the cases, I mean, the government concedes there was a procedural violation, but — It's really a substantive violation. Yeah, a substantive violation. I could — I, for one, could understand this if the notice said you're deportable or removable, A, because you committed an aggravated felony, and, B, because you have no lawful right to be in the United States. And A goes away, and there's a hearing on B, and the judge says, I think the government's right, there's no lawful right to be here, you're out. But that's not what happened here, is it? No, Your Honor. It's not. But at the time of the immigration hearing, the law had changed. I mean, and so the judge — and we concede that. We understand what happened. There's no — no one's critical of the immigration judge. He did what was right at the time. Yes. He did. But now we have learned somehow that the law always was that he didn't commit an aggravated felony. But it — the immigration judge has great discretion to determine — Not to deport somebody if there's no ground for deportation. I mean, if you were there, he wouldn't have great discretion to deport you unless you had committed some offense that was a basis for deportation. But I — but the government submits that the — because it's a discretionary standard — No, it's not discretionary to deport you. You can't just deport anyone you'd like to deport. I mean — As much as the government might like that, I understand. You still have to have a basis for deportation. And in this case, it turns out there wasn't one. But the judge, looking at what the facts he had at the time with this person — At the time, he did the right thing. Besides looking at the gross vehicular manslaughter conviction, this is an individual who sustained two DUI convictions after he was released from — He's not a nice fellow. He's not a nice fellow. And so the judge would have — If we deported all the people who weren't nice fellows, we'd have a lot fewer people in this country. But I think looking — we have to look — this is a de novo review. And looking at what the judge knew at the time, given this individual's criminal record of recidivism — he's a DUI recidivist — along with no evidence of rehabilitation, granted Mr. Camacho had significant family ties. I think an immigration judge would have weighed that and determined that he could not plausibly show relief. We understand the argument. Thank you. Thank you.
judges: Goodwin, Reinhardt, Hawkins